UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against –

ERIC BUTLER,

        Defendant.

**MEMORANDUM AND ORDER**

08-CR-370

**JACK B. WEINSTEIN, United States District Judge:**

    The conviction of defendant Eric Butler on Count Two, securities fraud, was reversed by the United States Court of Appeals for the Second Circuit on the ground that, as to that Count, venue in the Eastern District of New York was not established by sufficient evidence. *United States v. Tzolov*, No. 10-562-cr, 2011 WL 2342629, at *5 (2d Cir. June 15, 2011) (Mere repeated use of Kennedy Airport in this district did not provide a basis for venue in an international conspiracy with main roots in the Southern District of New York and Switzerland.). Defendant's convictions on Count One, conspiracy to commit that securities fraud, and Count Three, conspiracy to commit the concomitant wire fraud, were affirmed since venue was based on the overt acts of flying from Kennedy. *Id.*

    The curious result, that a court with power to try the conspiracy to commit a crime may not try the substantive crime that resulted from the success of the conspiracy, was found on appeal to be required by precedent. Obvious is the inefficiency of requiring separate courts to conduct duplicate trials of integrated crimes committed in the same sovereign entity, with the same substantive and procedural law, parties, and evidence.

    The Court of Appeals "vacated" the conviction on Count Two, and remanded for resentencing on Counts One and Three. *Id.* Defendant had been sentenced by this court on



August 17, 2009 to five-year terms of imprisonment on each of the three counts, concurrently. *United States v. Butler*, 264 F.R.D. 37, 39 (E.D.N.Y. 2010) (statement of reasons).

The government moves for immediate resentencing on Counts One and Three. It also seeks forthwith incarceration of defendant. *See* Letter of Government dated June 15, 2011, Docket No. 427.

While the matter is open, it is unlikely that the sentencing terms on Counts One and Three will be changed from five years' imprisonment, concurrent. The result of the remand by the Court of Appeals is likely to result in the same five year term of imprisonment.

There are two possible outcomes that may be unfavorable to the defendant as a result of the Court of Appeals's mandate with respect to Count Two: First, defendant may be retried in this court on the still outstanding Count Two of the indictment. It is plausible that venue could be established with the cooperation of codefendant Julian Tzolov, who testified for the government in Butler's trial, who was recently sentenced for his role in the conspiracy, and who might seek a motion by the government for reduction based on further cooperation. Tzolov's testimony might establish that elements of the substantive crime of securities fraud (Count Two) were in fact connected to the Eastern District of New York: For example, the two conspirators may have discussed their plans and may have been making phone calls to carry them out while waiting for their many flights from Kennedy.

Second, defendant could be indicted and tried in the Southern District of New York, where, the Court of Appeals for the Second Circuit has suggested, venue would be proper for Count Two. *Cf. Tzolov* (Butler), 2011 WL 2342629 at *3. If defendant were convicted in that court of the one billion dollar fraud he committed, he might be sentenced under the Guidelines to

a longer -- consecutive or concurrent -- term of imprisonment than that which he was given in this court.

Possibly, then, defendant's favorable judgment on appeal would be a Pyrrhic victory at best, or a disaster at worst. *Cf. United States v. Figueroa*, --- F.3d ----, 2011 WL 2040285, *4 (2d Cir. 2011) ("[D]efendants' success on their sentencing claims may ultimately prove to be a Pyrrhic victory . . . . [D]efendants who appeal their sentences may face the possibility of a harsher punishment on remand. . . . [D]efense counsel [may] confer with appellants one final time regarding the risks of pursuing their . . . challenges on appeal. Appellants shall have the option to withdraw their appeals at any time prior to the issuance of the mandate.") (internal citations omitted).

Defendant should consider whether he now wishes to (possibly retroactively) consent to venue as to Count Two in the Eastern District of New York. If he wishes to withdraw his objection to venue on Count Two, the parties should consider whether a modification of the Court of Appeals's mandate is required.

Argument will be heard on June 28, 2011, at 11:30 a.m. Defendant shall be present, prepared for resentencing on Counts One and Three, for a discussion of Count Two, and for immediate incarceration. No changes in the presentence report appear to be required. The court has kept in touch with defendant's situation while he was released on bail. He and the government may present any relevant evidence on resentencing.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 17, 2011
       Brooklyn, New York