UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

ERIC BUTLER,

        Defendant.

---

08-CR-370

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 31 2012 ★
BROOKLYN OFFICE

JACK B. WEINSTEIN, Senior United States District Judge:

    Third-party Elizabeth Butler seeks a preliminary injunction blocking forfeiture of assets of her husband, defendant Eric Butler. The matter was referred to Magistrate Judge Raymond E. Reyes, Jr. for report and recommendation.

    After a full hearing on the record, the magistrate judge recommends that Mrs. Butler's preliminary injunction be denied. For the reasons stated by the magistrate judge in his Report and Recommendation dated June 27, 2012, *see* Report and Recommendation, *United States v. Butler*, No. 08-CR-370 (E.D.N.Y. June 27, 2012) ("R&R"), CM/ECF No. 506, and this court at the hearing on appeal from that recommendation on October 18, 2012, the court denies Mrs. Butler all injunctive relief—both preliminary and final.

    Mrs. Butler does not have a legal or equitable interest in the assets subject to forfeiture that she seeks. The decision to deny Mrs. Butler injunctive relief is based on relevant New York law and indisputable facts.

    The R&R is modified by striking the following:

> There was no evidence presented at the hearing that Mrs. Butler is even close to facing bankruptcy, nor has she attempted to establish harm of any kind.
>
> Mrs. Butler is currently working full-time as an executive assistant, and she lives with her five-year-old son in Battery Park City in Manhattan. (Dkt. No.



1

> 329; Tr. at 48, 72; Gov't Exh. 10 at 3.) According to her most recent financial
> disclosure form, Mrs. Butler's net monthly pay is $4,984, and her rent is $3,295
> per month. (Gov't Exh. 10 at 4, 28.) In December 2011, the Butlers received a
> $40,000 gift from Mrs. Butler's sister to help them with their living expenses.
> (Tr. at 104-106). Mrs. Butler also recently received over $240,000 from the sale
> of the Butlers' cooperative apartment in Manhattan, and she currently has over
> $180,000 in a bank account in her name only. (Tr. at 111-119, 121.)
>
> While Mrs. Butler's standard of living should not be overstated, and while
> she testified that she is using her savings to supplement her income because she
> "doesn't make enough and it's expensive", there was no evidence at the hearing
> that Mrs. Butler's current wages and assets leave her unable to support herself and
> her son. (*Id.* at 106.) Indeed, it is doubtful that Mrs. Butler would qualify for
> bankruptcy protection as her current income and assets appear to exceed her
> current monthly expenses and liabilities. (Gov't Exh. 10.)
>
> It also should not be overlooked the Butlers have already received from
> the Court over $65,000 from the Restrained Accounts for the family's living
> expenses during the pendency of the criminal case against Mr. Butler, thereby
> directly benefiting Mrs. Butler. Following entry of the Restraining Order, Mr.
> Butler made several applications for the release of these funds for, among other
> things, and outstanding mortgage and maintenance fees on their primary residence
> and rental property, various living expenses, outstanding credit card and cellular
> telephone bills. I granted these applications in part, over the government's
> objections, and ordered that approximately $60,000 be released from Chase Acct.
> 8765. (Dkt. Nos. 298, 304, 329.) Prior thereto, Your Honor had ordered that over
> $5,000 be released from Chase Acct. 8765 to cover other living expenses. (Dkt.
> No. 258.)
>
> In light of all of these facts, Mrs. Butler has not established that she will
> be irreparably harmed absent a preliminary injunction.

R&R at 7-8.

Evidence taken from Mrs. Butler at the hearing of October 18, 2012 and other evidence at sentencing established that Mrs. Butler is struggling economically to support her child. As in many instances of war, the law here punishes the innocent at least as much as the guilty. The court regrets the burdens that this decision places on Mrs. Butler and her family.

2

_____
Jack B. Weinstein
Senior United States District Judge

Dated: October 19, 2012
       Brooklyn, New York